# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>CLAYTON B. SMITH,<br><br>Debtor. | CHAPTER 7<br><br>CASE NO. 06-60396<br><br>ADV. NO. 06-6102<br><br>JUDGE RUSS KENDIG<br><br>**MEMORANDUM OPINION**<br>**(WRITTEN OPINION)** |

This matter comes before the court upon Craig T. Conley's (hereinafter "Conley") motion to strike and for sanctions filed on August 21, 2006. Clayton B. Smith (hereafter "Smith") filed a response to the motion on August 28, 2006. Conley filed a reply on September 5, 2006. A hearing was held on these matters on September 27, 2006. Conley appeared on his own behalf and no one appeared on behalf of Smith.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The dispute in this case centers around a response filed by Smith to Conley's motion to remand (docket number 8). Conley stated that, because of Smith's withdrawal of the offending document, his motion to strike the pleading was moot. The court previously issued an order granting Conley's motion to seal the document in question. However, the court did not issue a decision regarding Conley's motion for sanctions.

Conley seeks sanctions against Smith's attorney, David Mucklow (hereafter "Mucklow") for filing a document containing personal attacks against Conley. Conley cites to Local Rule 2090-2(c) and states that the court should utilize its inherent power to sanction Mucklow. Further, Conley asserts that Mucklow violated Disciplinary Rule 7-102(A)(1), (2), and (5). Smith's response contends his attorney is not subject to Rule 9011 sanctions because the offending paper was withdrawn.

Local rule 2090-2(c) provides that the court has the ability to sanction attorneys to control and eliminative disruptive or unprofessional practices. For the court to exercise its power to inherently sanction, it must find that the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-6 (1991). Ohio courts have found violations of the disciplinary rules at issue in this case for various behaviors. See e.g., Butler County Bar Assn. v. Foster, 794 N.E.2d 26 (Ohio 2003) (holding that attorney harassed his client by using abusive language in letter to client); Office of Disciplinary Counsel v. Donnell, 684 N.E.2d 36 (Ohio 1997) (stating that attorney who explained that he could not prevail on motions filed but did so to ruin his wife filed a suit merely to harass another individual); Columbus Bar Assn. v. Moushey, 819 N.E.2d 1112 (Ohio 2004) (holding that attorney made a false statement of fact when he provided false documentation to client to hide conversion of funds).

The court declines to utilize its inherent power to sanction in the instant case. Bad faith is not apparent and the circumstances of the case are dissimilar from cases in which violations were found. Several facts lead the court to this conclusion. First, as can be gleaned from the sheer volume of documents filed by Conley and Smith in this case, the parties have an extremely contentious relationship and none of the pleadings contain a courteous tone. There is a plethora of information in the pleadings and much of it is not directly related to the bankruptcy proceeding at hand. Further, Mucklow took prompt action to withdraw the offending document after notified of the problem. Conley's motion to strike was filed on August 21, 2006 and Mucklow withdrew the offending document the next day. As of November 3, 2006, the document is sealed and is not available via the CM/ECF system, thus preventing any further dissemination of the information.

The court declines to exercise its inherent power to sanction in this case. Because the document in question was withdrawn by Debtor and subsequently sealed by court order, Conley's motion to strike is moot.

It is so ordered.

/s/ Russ Kendig NOV -8 2006
Judge Russ Kendig
U.S. Bankruptcy Judge

## Service List

W. Bradford Longbrake
200 Courtyard Square
80 South Summit Street
Akron, OH 44308

David A. Mucklow
4882 Mayfair Road
North Canton, OH 44720

Clayton B. Smith
6105 Cedar Lane NW
Canton, OH 44708

Craig T. Conley
220 Market Ave. S.
Suite 604
Canton, OH 44702